# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT, in the interest of
Cotrell Thevaugh Lillard Knight;

          Plaintiff,

vs.

CITY OF OMAHA,

          Defendant,

Case No. 8:26CV32

---

## MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

---

COMES NOW Plaintiff, Phyllis M. Knight on notice to the adverse party Reginald Johnson *Impound Facility Manager* move the Court pursuant to Federal Rule of Civil Procedure 65(a). Plaintiff under the authority of U.S. Constitution, federal laws and its treaties ask this Court to order the issuance of a preliminary injunction compelling Regenald Johnson *Impound Facility Manager* with the City of Omaha Vehicle Impound Facility to release and return Vehicle ID #: 2LMDU88C08BJI2939 stolen in interstate commerce through the act of deceptive predatory towing perpetuated by the Omaha Police Department. *See Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251 (2013); *Timbs v. Indiana*, 586 U.S. 146 (2019); (*citing Shaheed et al v. City of Wilmington et al* (1:21-cv-01333), Delaware District Court, Filed: 09/22/2021). *Noting* "Lawsuit Against Wilmington's Predatory

**RECEIVED**

MAR 1 8 2026

CLERK
U.S. DISTRICT COURT

Impound Practices Ends after City Makes Reform". The U.S. District Court for the District of Delaware approved the settlement, bringing the lawsuit to an end.

## I.    Factual Background

On December 21, 2025, out-of-state resident of the state of Kansas, Cotrell Thevaugh Lillard Knight was racially targeted while driving on a public road in the state of Nebraska he was stopped by an Officer or Officers employed with CITY OF OMAHA, Omaha Police Department. And in doing so, without probable cause Mr. Knight was falsely arrested and arbitrarily detained for **_driving under revocation_**. Exculpatory evidence can be found in the citation and report number issued under Citation: K1225318 and Report No: A08165. At the time Mr. Knight's vehicle was towed by AG Towing and Transport from TURNER BLVD & DOUGLAS ST for Omaha Police Department. On December 22, 2025, Mr. Knight was released from unlawful imprisonment within the Nebraska Douglas County Correctional Center for **_declination to prosecution_**. See _James C. Trezevant v. City of Tampa_, 741 F.2d 336 (1982).

On March 13, 2026, Mr. Knight spoke with "Amber" at the Omaha Police Impound Facility who told him they were preparing to make a new title to his vehicle to be sold at public auction. And in doing so, to recover his vehicle he needs to bring

2

his release of paperwork.

## II.   Argument

On Monday December 22, 2025, and until this present date of March 16, 2026 (84 days) the CITY OF OMAHA, Omaha Police Department, Vehicle Impound Facility refuses to release and return Mr. Knight's vehicle. For reasons, unlawful under Neb. Rev. Stat. Sections 60-1901, which is manifestly defective, in that recovery of a vehicle involved in a predatory towing for the Omaha Police Department are conditions necessary for federal law to override state transportation regulations. The issue here was resolved in *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251 (2013); *Timbs v. Indiana*, 586 U.S. 146 (2019); and was as recently argued and awarded in *Shaheed et al v. City of Wilmington et al* (1:21-cv-01333). Moreover, this is a case of motor vehicle theft "stolen" in interstate commerce by the municipal defendant CITY OF OMAHA. Plaintiff makes a prima facie case of a federal crime established under the "Dyer Act" (18 U.S.C. § 2312) to include any criminal taking with intent to deprive ownership controlling under the precedent established *in United States v. Turley*, 352 U.S. 407 (1957).

---

In the National Motor Vehicle Theft Act, 18 U.S.C. § 2312, which makes it a federal crime to transport in interstate or foreign commerce a motor vehicle "knowing the same to have been stolen," the word "stolon" is not limited to takings which amount to common law larceny, but it includes all takings of motor vehicles with a criminal intent to deprive the owner of the rights and benefits of ownership. Pp. 352 U. S. 408-417.

3

### III.    Federal Interest and Evidence for DOJ Referral for Municipal Fraud

This case amounts to "honest service" fraud under 18 U.S.C. 1346 involving a scheme to deprive the victim Mr. Knight of property. The motive of the defendant to sell Mr. Knight's title and his vehicle under Neb. Rev. Stat. Sections 60-1901 is a lie. Because Mr. Knight's vehicle was not abandoned it was the subject of predatory towing by the Omaha Police Department for the sole purpose of pillaging. That is directly related to federal-program fraud under the 24/7 Sobriety Program adopted by the State of Nebraska. Reginald Johnson *Impound Facility Manager* use of the U.S. Mail service to improperly threaten Mr. Knight while engaged in a scandal to steal his vehicle in interstate commerce using a "predatory towing scheme" is controlling under the precedent established in *Kelly v United States, 590 U.S. ___* (2020). That idea that Reginald Johnson *Impound Facility Manager* priority is to illegally sell a motor vehicle in interstate commerce that was stolen through a predatory towing comes into conflict with federal law and criminal conduct committed by a local government employee "while acting under color of authority' for the defendant CITY OF OMAHA who is acting on behalf for the benefit of the State of Nebraska is plainly an abuse of authority while acting under "color of state law". Reginald Johnson *Impound Facility Manager* by clear and convincing evidence has threatened to pursue the agenda of the *executor* STATE OF

4

NEBRASKA and to do the bidding for the CITY OF OMAHA, Omaha Police Department Vehicle Impound Facility. And in doing so, this behavior is prohibited and unacceptable . . . where this criminal misconduct has now landed in this Court for ***preliminary injunctive relief***. It should be referred to the DOJ Department of Weaponization for investigation and prosecution.

## IV.    Denial of Procedural Due Process

**P**rocedural due process has been violated pursuant to Federal Rule of Civil Procedure 4(c)(3) where the City of Omaha Law Department has not replied before adverse action was taken by Reginald Johnhson *Impound Facility Manager*. The court must specifically order this method of service, often requested when a party proceeding in forma pauperis under 28 U.S.C. 1915. Reginald Johnson *Impound Facility Manager* knew or should have known his conduct violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. While Federal Rule of Civil Procedure 4(c)(1) typically puts the burden on the plaintiff to serve, 4(c)(3) provides the mechanism for court-ordered assistance to ensure service is completed. The timing of service must occur within the time limits mandated by Rule 4(m), generally 90 days after the complaint is filed.

## V.    Statement of Claim

The CITY OF OMAHA is one member of the group that supervises Reginald Johnson *Impound Facility Manager* for the Omaha Police Department Vehicle Impound Facility, in which the municipality is liable under 42 U.S.C. § 1983 for engaging in a "Impoundment by Predatory Towing Vehicle Theft Scheme" affecting interstate commerce. That municipal defendant has wrongfully taken Mr. Knight's vehicle with plans to use it to fund the City's impound system" violates the "Takings Clause" of the Fifth Amendment, as applied to the City under the Fourteenth Amendment. The Plaintiffs state a claim under Section 1983 for deprivation of procedural due process rights (1) Mr. Knight has been deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law'. That includes a violation under Fourth Amendment for "illegal search and seizure" involving a "state sponsored" motor vehicle theft across state lines. That constitutes a violation under the Eighth Amendment for "cruel and unusual punishment" and "excessive fines clause." In addition, to violations under federal law 18 U.S.C. § 2313 and 18 U.S.C. 242. Moreover, pillaging is prohibited under international humanitarian law, including the 1949 Geneva Conventions and the 1899 Hague Regulations (Article 47) which apply to

both international and non-international armed conflicts. Pillaging constitutes the theft of private or public property during war without the owner's consent. *See Sheetz v. City of El Dorado*, 601 U.S. 267 (2024). Further the plaintiffs bring this claim under 42 U.S.C. § 1981 for racial discrimination. Finding that the threat of injury would not have occurred *but for the defendant's racial discrimination*. The Plaintiff "states a claim for relief that is plausible on its face. And in doing so, the legal standard has been met pursuant to Fed.R.Civ.P. 8(a)(2).

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. Plaintiffs demand adverse party Reginald Johnson *Impound Facility Manager* be ordered to immediately release Vehicle ID # 2LMDU88C08BJ12939 stolen through predatory towing by the Omaha Police Department and return into the possession of its rightful owner Cotrell Thevaugh Lillard Knight without cost barred by the "dormant commerce clause" at the time that it was towed as equitable relief.

B. Plaintiffs pursuant to Federal Rule of Civil Procedure 4(c)(3) seek the mechanism provided for court-ordered assistance to ensure service is completed.

C. Such further equitable and legal relief and this Court deems just and proper.

7

Respectfully submitted,
/s/*Phyllis M. Knight,*
PHYLLIS M. KNIGHT
Pro se Litigant
4964 E Lincoln Street – Box 13
Wichita, KS 67218
(402) 714-1192
orphanangel@hotmail.com

8

# EXHIBIT

01076
Omaha Vehicle Impound
809 F Street
Omaha, NE 68127



CERTIFIED MAIL

OMAHA NE 680

9214 8901 9976 6111 1935 39

KNIGHT, COTRELL T
4964 East Lincoln St.
Apt. 105
Wichita, KS 67218

67218-245630



KNIGHT, COTRELL T
4964 East Lincoln St.
Apt. 105
Wichita, KS 67218

1/21/2026

**City of Omaha**

Omaha Police Department

Vehicle Impound Facility
7809 "F" Street

Omaha, Nebraska 68127

(402) 444-5782

Fax (402) 444-4988

**Reginald Johnson**
*Impound Facility Manager*

The Following described vehicle was towed on December 21, 2025

From TURNER BLVD & DOUGLAS ST for Omaha Police Department

Vehicle Owner KNIGHT, COTRELL T

| **Color** | **Year** | **Make** | **Model** |
|-----------|----------|----------|-----------|
| White | 2008 | Lincoln | MKX |

| **Body Style** | **License Number** | **Ticket No.** |
|----------------|--------------------|----------------|
| SUV | IMP PLATES | 701076C |

Vehicle ID #: 2LMDU88C08BJ12939

This vehicle was taken to the City of Omaha Vehicle Impound Facility located at 7809 "F" Street, Omaha Nebraska on December 21, 2025. This vehicle has been unclaimed and is now considered to be abandoned. If this vehicle remains unclaimed for 30 days from the date of this notice, the title to the vehicle will vest with the City of Omaha and it may be sold at public auction, or be used for other City purposes, WITHOUT FURTHER NOTIFICATION TO YOU. Any personal property contained in the vehicle will be disposed of in the same manner.

Any person claiming this vehicle will be required to pay the cost of removal which includes, but is not limited to; tow fee, administrative fee, and storage fee.

This notice is provided to you pursuant to Neb. Rev. Stat. Sections 60-1901.

Yours truly,

**Reginald Johnson**
*Impound Facility Manager*

## CERTIFICATE OF SERVICE

This is to certify that on this 16th day of March 2026 an authentic copy of the plaintiffs' motion was sent by Email, Fax, and FEDEX service to:

Clerk of Court
U.S. District Court of Nebraska
111 S. 18th Plaza, Suite 1152
Omaha, NE 68102-1322

City of Omaha, City Clerk
1819 Farnam Street, Suite LC-1
Omaha, NE 68183
(402) 444-5550
cityclerk@cityofomaha.org

Omah Police Department
Vehicle Impound Facility
7809 "F" Street
Omaha, NE 68127
Ph. (402) 444-5782
Fax. (402) 444-4988

/s/Phyllis M. Knight,
PHYLLIS M. KNIGHT
Pro se Litigant
4964 E Lincoln Street – Box 13
Wichita, KS 67218
(402) 714-1192
orphanangel@hotmail.com

