IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHYLLIS M. KNIGHT, in the interest
of Cotrell Thevaugh Lillard Knight;

Plaintiff,

vs.

CITY OF OMAHA,

Defendant.

**8:26CV32**

**MEMORANDUM AND ORDER**

This matter is before the Court on the Complaint, Filing No. 1, filed by Plaintiff Phyllis M. Knight ("Plaintiff") on behalf of her son, Cotrell Thevaugh Lillard Knight ("Knight").  Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's claims under 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the Complaint without prejudice, deny her pending motion for an emergency preliminary injunction, Filing No. 7, as moot, and impose restrictions on Plaintiff's future filings on behalf of her son.

## I. SUMMARY OF COMPLAINT

On January 16, 2026, Plaintiff filed her Complaint on behalf of Knight using the Form Pro Se 16 Complaint for a Civil Case, and only Plaintiff signed the Complaint. Filing No. 1; Filing No. 1-1. Plaintiff sues the City of Omaha pursuant to 42 U.S.C. § 1983 seeking $1,000,000 in compensatory damages and $3,000,000 in punitive damages for alleged injuries arising from Knight's December 21, 2025, arrest and the towing of his vehicle.

Plaintiff alleges an Omaha Police Department ("OPD") officer arrested Knight on December 21, 2025, for felony driving under revocation and caused

Knight's vehicle to be impounded. "On December 22, 2025, the Douglas County Prosecutors Office declined to prosecute the claim and Mr. Knight was released from the Douglas County Correctional Center." Filing No. 1 at 7 (capitalization omitted). Thereafter, the City of Omaha, "without a court order but under the 'supervisory authority' of Captain Jennifer Russell for the City of Omaha Police Impound," refused, and continues to refuse, to release to Knight his vehicle and its "title." *Id*. With her motion for an emergency preliminary injunction, Plaintiff included a copy of a notice from the City of Omaha OPD Vehicle Impound Facility dated January 21, 2026, and addressed to Knight informing him that his vehicle impounded on December 21, 2025, has been unclaimed, and if the vehicle remains unclaimed for another 30 days, the vehicle's title "will vest with the City of Omaha and it may be sold at public auction, or be used for other City purposes, WITHOUT FURTHER NOTIFICATION TO [Knight]." Filing No. 7 at 11.

Plaintiff alleges, inter alia, that the City's actions violate his Fourth Amendment rights and deprives him of his property in violation of the Constitution and antitrust laws. *E.g.*, Filing No. 1 at 5.

## II. DISCUSSION

The Court is required to review in forma pauperis complaints and must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Here, the Court finds dismissal is appropriate as Plaintiff cannot bring this action on her son Knight's behalf and seek relief for injuries that are personal to him.

As indicated above, Plaintiff filed this action pro se "in the interest of Cotrell Thevaugh Lillard Knight." Filing No. 1 at 1 (capitalization omitted). Plaintiff does not seek any relief on her own behalf but rather seeks only to

2

vindicate Knight's rights. However, "it is a 'well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else.'" *Burgess v. City of Sioux Falls*, No. CIV 17-4027, 2018 WL 2305668, at *6 (D.S.D. May 21, 2018) (quoting *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)).

In addition, Plaintiff is not an attorney licensed to practice in this Court. While pro se individuals have an absolute right to represent themselves, pro se parties may not represent the interests of other parties. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("a non-attorney . . . may not engage in the practice of law on behalf of others") (citations omitted); *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself." (referencing 28 U.S.C. § 1654)). This holds true even when the pro se individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children). "While there are some situations in which parents may bring *pro se* claims on behalf of their children—such as an application for Social Security benefits—'no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law.'" *Nunley v. Erdmann*, No. C14-4016, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir.2010)).

Here, Plaintiff offers no explanation as to why she may bring this action on behalf of her adult son. There is nothing in the record to indicate Knight is

incapable of litigating his claims on his own behalf, and the Court is aware that he previously has submitted filings on his own behalf in this Court. *Knight v. Garcia-Guzman, et al.*, No. 8:24-cv-332 (D. Neb.) (Filing No. 7, motion to dismiss). As Plaintiff is not an attorney and cannot represent Knight's interests in this litigation, the Court concludes this case is a nullity and "the defect cannot be amended." *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (adopting the reasoning of *Davenport v. Lee*, 72 S.W.3d 85, 94 (Ark. 2002)). Accordingly, the Court will dismiss this case without prejudice to Knight filing an action of his own.

Dismissal for the reasons above is nothing new to Plaintiff. The Court has informed Plaintiff on several occasions that she cannot litigate on behalf of, or otherwise represent, her son in federal court, and the Court previously has warned Plaintiff that she may be subject to sanctions if she continues to file pleadings on her son's behalf. *See, e.g.*, *Knight in the interest of Knight v. State of Neb.*, No. 8:26CV12, 2026 WL 1506307, at *2 (D. Neb. May 29, 2026) ("[C]ontinued submission of filings in this Court on behalf of her son may result in the imposition of sanctions against [Plaintiff]."); *Knight in interest of Knight v. Nebraska*, No. 8:24CV458, 2025 WL 1080012, at *3 (D. Neb. Apr. 10, 2025) ("Plaintiff is put on notice that any further filings in this Court on behalf of her son may result in sanctions against her.") (citing *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *2 (D. Neb. Oct. 23, 2007)); *Knight-Bey v. Polsi*, No. 8:19CV331, 2020 WL 5106814, at *1 (D. Neb. Aug. 31, 2020) ("Plaintiff has previously been advised that she cannot appear pro se on behalf of her son, even if she holds a power of attorney.") (citing *Cotrell T. Knight v. Robert Madsen*, Case No. 8:18CV347 (§ 2254 habeas action), Memorandum and Order filed November 1, 2018 (Filing No. 11); *Cotrell T. Knight v. Barb Lewien*,

4

Case No. 8:19CV224 (§ 2254 habeas action), Memorandum and Order filed April 17, 2020 (Filing No. 6)).

As Plaintiff has previously been warned in another case where she failed to heed the Court's warnings about continued improper filings:

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution.

> In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice. . . . Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

5

*Knight v. City of Omaha*, No. 8:22CV153, 2022 WL 3359305, at \*6–7 (D. Neb. Aug. 15, 2022) (quoting *Knight v. Biggs*, No. 8:22CV110, 2022 WL 1016475, at \*2 (quoting *In re Tyler,* 839 F.2d 1290, 1292-93 (8th Cir. 1988), and citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) ("An in forma pauperis litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts.")))).

Because Plaintiff has ignored the Court's admonitions against continued filings on her son's behalf, the Court will impose filing restrictions upon Plaintiff as follows: from this point forward, Phyllis M. Knight shall file no further pro se non-habeas civil cases in the United States District Court for the District of Nebraska on behalf of her son, Cotrell Knight, without first seeking leave of court to do so as set forth below. If Plaintiff proposes to file a pro se complaint on behalf of her son, Cotrell Knight, the Court will direct the Clerk of Court to return the proposed complaint to Plaintiff without filing it.

IT IS THEREFORE ORDERED that:

1.    This case is dismissed without prejudice;

2.    Plaintiff's pending motion for emergency preliminary injunction, Filing No. 7, is denied as moot;

3.    The Court imposes the following filing restrictions upon Plaintiff: from the date of this Memorandum and Order and going forward, Phyllis M. Knight shall file no further pro se non-habeas civil cases in the United States District Court for the District of Nebraska on behalf of her son, Cotrell Knight;

4.    Any future case proposed to be filed in this court by Phyllis M. Knight shall be referred to the Supervising Pro Se Judge(s) for review before filing, and the Clerk of Court is directed not to file any such case until this review has been completed. If Plaintiff proposes to file a pro se complaint on

6

behalf of her son, Cotrell Knight, the Court will direct the Clerk of Court to return the proposed complaint to Plaintiff without filing it; and

5.     The Court shall enter a separate judgment.


Dated this 3rd day of June, 2026.


BY THE COURT:

John M. Gerrard
Senior United States District Judge